**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4961**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EVELYN BAERES-CHICAS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Martin K. Reidinger, District Judge (3:08-cr-00056-MR-1)

Submitted: July 21, 2009          Decided: August 12, 2009

Before NIEMEYER, MOTZ, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Carol A. Bauer, Morganton, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Evelyn Baeres-Chicas pled guilty without a plea agreement to illegal entry by a deported felon, 8 U.S.C. § 1326(a), (b)(2) (2006), and was sentenced to seventy months in prison. She now appeals. Her attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether counsel was ineffective for not formally objecting to an error in Paragraph 31 of the presentence report (PSR). Baeres-Chicas was notified of her right to file a pro se supplemental brief but has not filed such a brief. We affirm.

Our review of the transcript of the plea colloquy discloses full compliance with Fed. R. Crim. P. 11. Furthermore, the record reveals that Baeres-Chicas entered her plea voluntarily and knowingly and that there was a factual basis for the plea.

Paragraph 31 of the PSR stated erroneously that Baeres-Chicas was subject to a maximum sentence of two years in prison. At sentencing, defense counsel raised a question about Paragraph 31. After some discussion, it was agreed that, because of her criminal record, Baeres-Chicas actually was subject to a twenty-year maximum sentence, see 8 U.S.C. § 1326(b)(2), rather than the two-year sentence as set forth in the PSR. The parties agreed that the advisory Guidelines range was 70-87 months in prison. After considering the 18 U.S.C.

§ 3553(a) (2006) factors, the district court sentenced Baeres-Chicas to seventy months in prison.

To allow for adequate development of the record, a defendant must ordinarily bring a claim of ineffective assistance of counsel in a 28 U.S.C. § 2255 (2000) motion unless it conclusively appears on the face of the record that counsel provided inadequate representation.  United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).  Given the lack of prejudice to Baeres-Chicas flowing from the error in the PSR, we conclude that the required showing has not been made.

We have reviewed the entire record in accordance with Anders and have not identified any meritorious issues for appeal.  Accordingly, we affirm.  This court requires counsel inform Baeres-Chicas, in writing, of her right to petition the Supreme Court of the United States for further review.  If Baeres-Chicas requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy of the motion was served on Baeres-Chicas.  We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED